UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:07-CV-7

MSD ENERGY, INC. and
STEPHEN SMITH, INC.                                                    PLAINTIFFS

v.

RICHARD J. GOGNAT, TIMOTHY A. GOGNAT;
ROY KNAPPE, JR.; and GLOBAL GEODATA, LLC                    DEFENDANTS

## ORDER AND OPINION

Defendant Timothy Gognat ("Timothy") filed a Third Party Complaint against Chet J.

Ellsworth and Joanne Ellsworth.  (Docket # 12).  Plaintiffs moved to strike the Third Party

Complaint.  (Docket # 28).  Timothy filed a Response to the Motion to Strike (Docket # 36), and

Plaintiffs replied.  (Docket # 37).    The matter is now ripe for adjudication.  The Court now

GRANTS Plaintiffs' Motion to Strike the Third Party Complaint.


The present suit arises from actions taken in Colorado state litigation filed by Timothy

against the Ellsworths.  In the Colorado suit, Timothy sued the Ellsworths to clarify and enforce

his rights in relation to some oil leases in western Kentucky.  Timothy, a geologist, specializes in

the exploration for and discovery of natural gas and oil.  Timothy claims that his research

revealed areas of western Kentucky where large amounts of natural gas were likely to be found.

Timothy had worked with Plaintiff Smith and Mr. Ellsworth previously to develop productive oil

wells, and shared his information regarding the likely presence of natural gas in western

Kentucky with Mr. Ellsworth.  No contract was made at this time securing compensation to

Timothy for the provision of this information.  Mr. Ellsworth, with the assistance of Mrs.

Ellsworth, formed Plaintiff MSD to drill for oil and natural gas in western Kentucky.

At this time, Timothy claims that the Ellsworths entered into a Joint Venture Agreement with Timothy to develop the probable reserves of oil and natural gas in western Kentucky. Timothy claims that he was not informed of vital information regarding the assignments and development of the oil and natural gas wells.  The Ellsworths' interests in the western Kentucky properties to be drilled were transferred to MSD, and MSD assigned the interests in the mineral rights leases to the Ellsworths, Plaintiff Smith, and others.  Timothy alleges that Mr. Ellsworth continued to take actions, as an agent of MSD, to further the development of the wells.

Later, MSD offered to assign interests in the wells to Defendant Richard Gognat, Defendant Roy Knappe, Jr., and Timothy.   Timothy rejected the assignment as insufficient compensation and as inconsistent with the terms of the Joint Venture.  Timothy alleges that working wells were established based on the information and research he provided, yet Timothy has not accepted any payment from the proceeds of these wells.  Timothy alleges that MSD and the Ellsworths sought to develop other wells using the information Timothy provided them and disclosed information about Timothy's research to others who assisted them in the development of these new wells.  Timothy claims that some of the information he provided to the Ellsworths was proprietary trade secrets, and that the Ellsworths not only used this information without compensating Timothy but disclosed the information to his competitors and breached the alleged Joint Venture Agreement.  Timothy filed a Complaint in Colorado to redress these grievances.

Although claims against the Ellsworths were dismissed for lack of subject matter jurisdiction, other claims are still pending in that matter. Timothy filed *lis pendens* against Kentucky properties related to the Colorado litigation.  The Plaintiffs filed the instant suit to

address any injury they suffered through devaluation of their property as a result of Timothy's

Colorado litigation and related *lis pendens*.  Timothy seeks to attach the Ellsworths as Third

Party Defendants, because he claims their actions caused him to filed the Colorado lawsuit and

*lis pendens* which underlie the current suit.  Timothy argues that, if he is found liable in this

matter, he can seek damages from the Ellsworths for causing him to take the actions that led to

his liability.  For that reason, he implead them into the action.[1]

Plaintiffs filed a Motion to Strike Timothy's Third Party Complain because he failed to

state a legal basis for his relation of his third party claims to the instant suit under Rule 14 of the

Federal Rules of Civil Procedures.  Rule 14 permits a defendant to implead "a person not a party

to the action who is or may be liable to him for all or part of the plaintiff's claims against him."

Rule 14 "cannot be used as a way of combining all cotnroversies having a common relationship

in one action."  Wright Miller & Kane, *Federal Practice and Procedure*, Civil 2d § 1442, p. 295.

"The liability of the third-party defendant to the party that impleaded it must be for losses

sustained by that party as a result of plaintiff's claim."  3 *Moore's Federal Practice*, § 14.04[2].

Plaintiffs note that Timothy's only connection between the claims asserted against him for the

results of the Colorado litigation and *lis pendens* and the claims against the Ellsworths cannot

result in Ellsworths indemnifying Timothy for his liability.

Timothy responds that, but for the Ellsworths actions in giving information to MSD and

---

[1]Timothy also seeks to join claims against the Ellsworths which he previously asserted in the Colorado litigation.  These claims include breach of joint venture agreement, unjust enrichment, breach of fiduciary duty, misappropriation of trade secrets, conversion of trade secrets, fraud, intentional interference with prospective business relationships, and federal and Colorado state law unfair compensation claims.  However, because these claims are not asserted as a reason for the Ellsworths to indemnify Timothy for any liability, they are not relevant to whether impleader is proper in this matter.

Stephen Smith, Inc., no suit in Colorado court, and consequently no *lis pendens* against would

have been necessary.[2]  However, Timothy has not alleged any legal basis under which the

Ellsworths would be liable for contribution or indemnification if Timothy is found liable to the

Plaintiffs.  For this reason, impleader is improper in this matter, and the Plaintiffs' Motion to

Strike the Third Party Complaint is GRANTED.

IT IS HEREBY ORDERED that Plaintiffs' Motion to Strike the Third Party Complaint is

GRANTED.

---

[2]Timothy also argues that the Plaintiffs Motion to Strike may also be a Motion to Dismiss
the Third Party Complaint under Federal Rule of Civil Procedure 12(b)(6).  The Court has not
found a cognizable claim to dismiss for failure to state a claim in the Plaintiff's Motion to Strike
and, therefore, does not address Timothy's arguments relating to such a claim.
    Timothy also makes arguments that regarding the propriety of joinder of claims under
Federal Rule of Civil Procedure 18.  Because the Plaintiffs moved to Strike the Third Party
Complaint merely for improper impleader under Federal Rule of Civil Procedure 14, these
arguments are also irrelevant.