UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07-CV-7-R

MSD ENERGY, INC., et al.,                                                              PLAINTIFFS

v.

RICHARD J. GOGNAT, et al.,                                                            DEFENDANTS

**OPINION AND ORDER**

This matter comes before the Court on the Court's Order of September 31, 2008 (Docket #104), which vacated Defendant Timothy Gognat's Motion for Realignment of the Parties (Docket #53). The Order noted the Court's concerns about its subject matter jurisdiction over this action, and set out a briefing schedule for the parties. Plaintiffs MDS Energy and Stephen Smith have filed a brief (Docket #105). Defendant has filed a response (Docket #107). Plaintiffs have filed a reply (Docket #108). This matter is now ripe for adjudication. For the reasons that follow, this action is REMANDED to the Lyon County Circuit Court.

**BACKGROUND**

Plaintiffs MSD Energy Inc. and Steven Smith Inc. filed suit against Defendants Richard Gognat, Timothy Gognat, Roy Knappe, and Gobal Geodata, LLC in Lyon County Circuit Court on December 18, 2006. Plaintiffs claim that Defendants are liable for abuse of process, slander of title, tortious interference, and civil conspiracy. This matter was removed to this Court on January 15, 2007, on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Defendant Timothy Gognat filed his answer to the complaint on January 16, 2007. The answer included a counterclaim against MSD Energy.

Plaintiffs' complaint alleges Defendants are all residents of Colorado, and that Steven

Smith, Inc.'s principal place of business is Colorado. Upon discovering this, the Court became concerned that it lacked subject matter jurisdiction over this action at the time it was removed. As such, the Court ordered the parties to submit briefs addressing the Court's jurisdiction.

## DISCUSSION

An action can be removed to a district court if it is one over which the court has original jurisdiction. *See* 28 U.S.C. § 1441. "A district court must remand a removed action when it appears that the court lacks subject matter jurisdiction." *Anusbigian v. Trugreeen/Chemlawn, Inc.*, 72 F.3d 1253, 1254 (6th Cir. 1996).

"It is well settled that as a matter of statutory construction, diversity of citizenship requires complete diversity between all plaintiffs on one side and all defendants on the other side." *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 664 (6th Cir. 2004). As discussed above, Stephen Smith, Inc.'s principal place of business is Colorado, and Defendants are Colorado residents. Federal courts consider the citizenship of a natural person to be his domicile, *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990), while a corporation is considered to be a citizen of its state of incorporation and its principal place of business, 28 U.S.C. § 1332(c)(1). Therefore, on the face of Plaintiffs' complaint, the Court does not have diversity jurisdiction.

Defendant argues that the Court has diversity jurisdiction over this action, despite Stephen Smith, Inc. being a citizen of the same state as Defendant. Defendant believes that Stephen Smith, Inc. should not be considered when determining the Court's subject matter jurisdiction over this action.

Defendant specifically argues that Stephen Smith, Inc.'s claims are barred by the doctrine of res judicata. Defendant argues that Stephen Smith, the owner of Stephen Smith, Inc., raised in

a Colorado court claims identical to the claims of Stephen Smith Inc. currently before the Court. Defendant argues that Stephen Smith is in privity with Stephen Smith, Inc., and that a Colorado Court has issued an order dismissing Stephen Smith's claims with prejudice. As such, Defendant argues that the doctrine of res judicata prevents Stephen Smith, Inc. from maintaining these claims in federal court.

It is clear from the record that Stephen Smith, Inc, did not bring its claims simply to defeat federal diversity jurisdiction. The basis for Defendant's argument that Stephen Smith, Inc. should not be considered when determining the Court's subject matter jurisdiction is the state court order dismissing Stephen Smith's counterclaims. This order was not issued until a year after this case was removed to federal court.

The determination of federal diversity jurisdiction is made at the time of removal. *Rogers v. Wal-Mart Store, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). The Court must determine "whether the action was properly removed in the first place." *Id.* at 871-872. The Court finds that at the time of removal, there was not complete diversity. As such, this action should not have been removed to federal court, no matter what subsequent developments occurred.

Furthermore, even if the Court determined that Stephen Smith, Inc. should be dismissed from this action, this does not mean that Stephen Smith, Inc. should be ignored for the purposes of determining the Court's subject matter jurisdiction. Defendant has offered no authority to support his argument that a successful defense on the merits of a case may prevent a plaintiff from being considered for jurisdictional purposes. Before the Court may decide the merits of Defendant's res judicata argument, the Court must first have subject matter jurisdiction.

Defendant next argues that the Court has subject matter jurisdiction under 18 U.S.C. §

3

1331.  Defendant believes that his compulsory counterclaim under the Lanham Act is sufficient to give the Court federal question jurisdiction over this action.  However, "[f]ederal question jurisdiction under 28 U.S.C. § 1331 is proper 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"  *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. (1987)).  "[I]t is well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction.'" *Id.* at 914-915.

Because neither diversity nor federal question jurisdiction provided the Court with subject matter jurisdiction over this action at the time of removal, remand is required.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## CONCLUSION

IT IS HEREBY ORDERED that the above captioned case is REMANDED to the Lyon County Circuit Court.